## MILLER v STROBEL

Ohio Appeals, 9th Dist, Summit Co
No 1900. Decided Apr 9, 1931

G. C. Hafley, Cleveland, and Commins, Brouse, Englebeck & McDowell, Akron, for Miller.

Smoyer & Smoyer, Akron, for Strobel.

**FUNK, J.**

The determination of this question depends upon the construction of the will as set forth in the petition and as hereinabove quoted. There is nothing in the petition to show any other part of the will of said testator, so that the part of the will set forth in the petition must be construed standing alone without the aid of any other part thereof, and we assume there was nothing in the will affecting this item or it would have been set forth in the petition.

We have examined all the authorities cited by counsel, and many others, and find that in the absence of words in the will expressly creating a life estate, none holds that an absolute power of disposal, which is attempted to be qualified or limited only by undertaking to dispose of what may be left at the death of the first taker, grants merely a life estate, but all hold that such attempt is void and that the donee with an unlimited power of disposal takes a fee simple title and that in such a situation "the law presumes * * * that a testator superadds the unlimited power of disposal, to make his intention as emphatic and unequivocal as possible"—that is, the words of disposal rather tend to emphasize and accentuate or strengthen the intention to grant a fee simple title.

However, where a life estate is not expressly created and the power of disposal is not absolute but is qualified or limited as to purpose or conditioned upon some certain event, thereby creating a life estate by implication, and there is a remainder or devise over, then the words of disposal do tend to limit and restrict the words first used granting an apparent fee, and have the force and effect of reducing what was apparently an estate in fee to an estate for life only.

We have carefully considered the wording of this will and find no words in it granting a qualified or limited power of disposition to the widow unless that part of the will undertaking to dispose of what is left at her death may be so considered. If this item of the will had ended with the word "desire" or the word "mixed," no one would question but what the widow took a fee simple title. If the will had simply used the words "to keep and use as she may desire," the situation might be different; but when one considers the will as it is, it surely grants an unlimited power of disposal.

In view of §10680 GC and upon the authority and reasoning of—

Home v Lippardt, 70 Oh St 261.
Tracy v Blee, 22 C. C. (N.S.) 33.
Steuer v Steuer, 8 C. C. (N.S.) 71.
Hill v Chisholm, 7 Oh Ap 346.
Stark v McEwen, 15 Oh Ap 188.
Stuart v Walker, 72 Me 145.
Lewis v Hayden, Case No. 179, Lorain Co., Vol. 20, Unreported Decisions of the Eighth District, p. 152.

—we are unanimously of the opinion that the will gave the widow a fee simple title, and that the petition therefore does not state a cause of action.

Having found that the petition does not state a cause of action, it is unnecessary to determine whether the two causes are improperly joined.

PARDEE, PJ, and WASHBURN, J, concur.